UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANAKABISA YOUNG,<br><br>           Plaintiff,<br><br>     v.<br><br>RYAN EHLERS, et al.,<br><br>           Defendants. | No.  2:23-cv-2558 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

I.     Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

"[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).

Inspection of other cases filed by plaintiff has led to the identification of at least five cases that qualify as strikes.[1] The court takes judicial notice of the following lawsuits filed by plaintiff:[2]

1. Young v. State of California Attorney General, No. 2:99-cv-1039 DFL JFM (E.D. Cal.) (case dismissed on October 7, 1999, for failure to state a claim (ECF No. 11));
2. Young v. Voong, No. 1:17-cv-1671 LJO SAB (E.D. Cal.) (case dismissed on March 7, 2018, for failure to state a claim (ECF No. 14));
3. Young v. United States Government, No. 02-cv-2940 RT E (C.D. Cal.) (case dismissed on October 15, 2002, for failure to serve complaint, failure to state a claim,

---

[1] The Ninth Circuit has also recognized plaintiff as having accrued three strikes. See Young v. Godwin, No. 20-16446 (9th Cir.), ECF No. 4.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

and seeking relief from defendants who were immune (ECF Nos. 7, 10);

4. Young v. State of California, No. 2:02-cv-9138 FMC E (C.D. Cal.) (case dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994), on February 7, 2003 (ECF No. 8));[3] and

5. Young v. State of California, No. 2:10-cv-8466 UA E (C.D. Cal.) (motion to proceed in forma pauperis denied and case terminated on November 16, 2010, because the complaint was frivolous, malicious, or failed to state a claim and sought monetary relief from defendants who were immune to such relief (ECF No. 2)).

All of the preceding cases were dismissed well in advance of the November 6, 2023 filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

The complaint acknowledges that other courts have found that plaintiff has accrued three strikes, but argues that he is in imminent danger because the government is trying to silence or murder him. ECF No. 1 at 4. However, beyond this conclusory assertion, there are no allegations that would demonstrate an imminent risk of serious physical injury at the time of filing. Rather, the complaint alleges a single instance of excessive force and failure to provide medical care associated with a cell extraction that took place on August 3, 2023. Id. at 5-7. The undersigned

---

[3] The court found that the complaint was barred by Heck because plaintiff alleged his conviction and sentence was illegal and the court had previously denied plaintiff's related habeas petition. The bar was therefore clear on the face of the complaint and dismissal counts as a strike. Washington v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1055-57 (9th Cir. 2016) (dismissal under Heck counts as a strike where the bar is clear on the face of the complaint and all claims are dismissed for a qualifying reason under the PLRA).

will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 8, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE